UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07CV-184R

REBECCA TEEL                                                                                                   PLAINTIFF

v.

SEDGWICK CLAIM MANAGEMENT                                                      DEFENDANTS
SERVICES, INC.; and
PNC FINANCIAL SERVICES GROUP
AND AFFILIATES LONG TERM DISABILITY PLAN

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Sedgwick Claim Management Services, Inc.'s Motion to Dismiss (Docket #3). Plaintiff has filed a response (Docket #4). This matter is now ripe for adjudication. For the reasons that follow, Sedgwick's Motion to Dismiss is DENIED IN PART and GRANTED IN PART. The Motion to Dismiss will be granted to the extent that it seeks dismissal of Plaintiff's bad faith claim. In all other respects the motion will be denied.

**BACKGROUND**

Plaintiff was a full-time employee of PNC Financial Services Group.[1] Because of her employment with PNC, Plaintiff participated in the PNC Bank Corp. and Affiliates Long Term Disability Plan (the "Plan") during her tenure.

The Plan is a fully self-funded employee welfare benefit plan as defined and governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et. al.[2] The Plan

---

[1] Sedgwick states that PNC Financial Services Group, Inc. is the successor by name to PNC Bank Corp. as of March 14, 2000. The Plan name has not yet been amended.

[2] The parties agree that the Plan is a covered plan under the terms of ERISA.

provides full-time, salaried employees who are out of work for periods of longer than ninety days with a benefit of up to seventy percent of their base salary. Benefits are paid from a trust preestablished by PNC solely for that purpose.

The Plan designates PNC as the Plan Administrator. Section V(3)(a)(6) of the Plan expressly permits PNC "to appoint or employ individuals or firms to assist in the administration of the Plan and any other agents as it deems advisable." In accordance with this section, PNC and Sedgwick entered into a Services Agreement, pursuant to which PNC authorized Sedgwick to make claims determinations under the Plan.

Plaintiff filed her complaint in Jefferson Circuit Court of Jefferson County, Kentucky. Sedgwick received a copy of the Complaint from the Secretary of State through certified mail dated March 2, 2007. On March 30, 2007, Sedgwick filed a Notice of Removal, removing Plaintiff's action to this Court.

In Count I of her Complaint, Plaintiff asserts a claim against Sedgwick seeking payment of long-term disability benefits pursuant to the Plan. Specifically, Plaintiff alleges that Sedgwick wrongfully denied her benefits to which she was entitled under the Plan and that Sedgwick has "breached the terms of the Plan under the dictates of the ERISA statute." In Count II of her Complaint, Plaintiff asserts a state law claim of bad faith, stating that Sedgwick has treated her "unreasonably, acted with reckless indifference to her rights under the Plan, and intentionally or recklessly created hardships to Plaintiff, both financially and emotionally."

## STANDARD

Sedgwick has moved the Court to dismiss Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. "When considering a motion

to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## ANALYSIS

**I.    CLAIM UNDER § 502(a)(1)(B)**

Sedgwick argues that Plaintiff cannot sustain her ERISA § 502(a)(1)(B) claim against Sedgwick because she may only recover benefits, if any, from the Plan itself.

There is a split of authority over whether a plan is the only proper defendant in a suit to recover benefits under § 502(a)(1)(B). *See, Hall v. LHACO, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998) (citing cases evidencing circuit split).

Under ERISA, an employee benefit plan may sue or be sued as an entity. 29 U.S.C. § 1132(d)(1). Any money judgment against a plan is enforceable only as against the plan. 29 U.S.C. § 1132(d)(2). However, as our sister court noted in *West v. Sedgwick Claims Mgmt. Servs., Inc.*,

"these provisions do not lead inexorably to the conclusion that the only proper party defendant to a claim for wrongful denial of benefits is the plan itself." No. 3:05CV-486-S, 2006 U.S. Dist. LEXIS 41653, at *5 (W.D. Ky. June 19, 2006).

In *Hall v. LHACO, Inc.*, the Eighth Circuit, recognizing the split of authority among the circuits, noted that the Sixth Circuit, among others, has held that a plan is not the only proper party defendant to a § 502(a)(1)(B) claim, citing *Daniel v. Eaton Corp. Hall,* 839 F.2d 263 (6th Cir. 1988). 140 F.3d at 1194. In *West*, our sister court undertook a thorough analysis of the *Daniel* case, coming to the determination that the clear implication of *Daniel*, "is that a plan is not the only proper party to a claim for denial of benefits under § 502(a)(1)(B)." 2006 U.S. Dist. LEXIS 41653, at *10. This Court is persuaded by the reasoning in *West*, and as in *West* finds that "one in control of the administration of a plan may be a proper § 502(a)(1)(B) defendant." *Id.* at *12.

**II.     BAD FAITH CLAIM**

Plaintiff has asserted a claim of bad faith in Count II of her Complaint. Sedgwick argues that this claim is preempted by ERISA and, therefore, must be dismissed.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court and Sixth Circuit Court of Appeals have held that under 29 U.S.C. § 1144(b), an ERISA action preempts state law claims by beneficiaries who sue for the recovery of benefits in connection with an ERISA plan. *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 737-38 (1985); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Daniel*, 839 F.2d at 266-67; *McMahan v. New England Mut. Life Ins. Co.*, 888 F.2d 426, 428-29 (6th Cir. 1989); *Ruble v. UNUM Life Ins. Co. of Am.*, 913 F.2d 295, 297 (6th Cir. 1990); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir. 1991). In order to

determine that a state law claim is preempted by 29 U.S.C. § 1144(a), the Court must find that the claim is "related to" the recovery under the ERISA plan. In looking at whether a state law claim relates to an ERISA plan, courts should consider "the kind of relief that plaintiff's seek, and its relation to the pension plan." *Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005).

The Sixth Circuit has previously held that state law claims of bad faith are preempted by ERISA as "such claims are at the very heart of issues within the scope of ERISA's exclusive regulation." *Cromwell*, 994 F.2d at 1276; *see Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *see also Pilot Life Ins. Co.*, 481 U.S. at 57. Therefore, Plaintiff count II of Plaintiff's Complaint must be dismissed as preempted by ERISA.

## CONCLUSION

For the foregoing reasons, Sedgwick's Motion to Dismiss is DENIED IN PART and GRANTED IN PART. The Motion to Dismiss will be granted to the extent that it seeks dismissal of Plaintiff's bad faith claim. In all other respects the motion will be denied.

An appropriate order shall issue.